**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Manuel Suarez, | No. CV-24-00118-TUC-AMM |
| Plaintiff, | **ORDER** |
| v. | |
| IPVision Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Luis Manuel Suarez's Motion for Entry of Default Judgment against Defendants IPVision Incorporated, IPVision Global Incorporated, Ben Green, and Martha Zamora. (Doc. 16.) For the following reasons, the Court will grant the motion.

**I.   Background**

Plaintiff filed his Complaint on February 27, 2024. (Doc. 1.) He alleges that Defendants failed to pay him minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23-363, and Arizona Wage Act ("AWA"), Ariz. Rev. Stat. § 23-351. (Docs. 1, 16.)

On April 24, 2024, Plaintiff filed a Motion for Alternative Service after "extensive efforts at personal service on Defendants [] failed . . . ." (Doc. 8 at 1.) Plaintiff outlined the efforts of the process server and the response, or lack thereof, from Defendants. (*See id.* at 1–3.) On May 21, 2024, the Court granted the motion and allowed Plaintiff to serve

Defendants via U.S. Mail, Certified U.S. Mail, and email. (Doc. 10.)

On May 30, 2024, Defendants were served via U.S. Mail, Certified U.S. Mail, and email with a copy of the Complaint, summons, and the Court's May 21, 2024 Order. (Doc. 11.) Defendants did not answer or otherwise respond to the Complaint. Accordingly, Plaintiff filed an Application for Entry of Default, and the Clerk of Court entered default on July 10, 2024. (Docs. 12–13.) On July 17, 2024, Plaintiff filed the present Motion for Default Judgment. (Doc. 16.) Plaintiff seeks a judgment in his favor and against Defendants, jointly and severally, for $48,896.60. (*Id.* at 12; Doc. 16-1 at 6.)

**II.    Discussion**

    **A. Jurisdiction**

"When entry of default judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has federal question jurisdiction over Plaintiff's FLSA claims. 28 U.S.C. § 1331. It also exercises supplemental jurisdiction over the state law claims because they "are so related to" Plaintiff's FLSA claims that they "form part of the same case or controversy." *Id.* § 1367(a).

Moreover, Plaintiff's allegations sufficiently plead that the Court has personal jurisdiction over Defendants. First, the Court has general jurisdiction over Defendant IPVision Incorporated. The "paradigm" bases for general jurisdiction over a corporation are the place of incorporation and the principal place of business. *BNSF Ry. Co. v. Tyrell*, 581 U.S. 402, 413 (2017) (quoting *Daimler AG v. Bauman*, 517 U.S. 117, 137 (2014)). Plaintiff alleges that Defendant IPVision Incorporated is an Arizona corporation and has offices or agents doing regular business in Maricopa County and Pima County. (Doc. 1 at 1, 3.)

Second, the Court has specific jurisdiction over Defendant IPVision Global Incorporated. A court may exercise specific jurisdiction over a foreign corporation where that corporation's specific contacts have a substantial connection to the forum state and

give rise to the claim in question. *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414 (1984). To qualify, "(1) [t]he nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[;] (2) [t]he claim must be one which arises out of or results from the defendant's forum-related activities[;] [and] (3) [e]xercise of jurisdiction must be reasonable." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). According to Plaintiff's allegations, IPVision Global Incorporated is a Texas corporation, but it is licensed to do business in Arizona, and it conducts regular business through its offices and agents in Arizona. (Doc. 1 at 1, 4, 8.) Plaintiff alleges IPVision Global Incorporated's business, including its employment of Plaintiff in Arizona, gave rise to the bases for this lawsuit. (*Id.*) Therefore, the Court's exercise of jurisdiction over Defendant IPVision Global Incorporated is reasonable.

Finally, the Court has general jurisdiction over Defendants Ben Green and Martha Zamora. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile . . . ." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). "For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citing *Texas v. Florida*, 306 U.S. 398, 424 (1939)). Where an individual defendant is not domiciled in the forum state, a court may still exercise personal jurisdiction so long as the defendant has certain "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). When a defendant deliberately engages in significant activities within a state, purposely availing itself of the privilege of doing business in that state, it is reasonable to require the defendant to "submit to the burdens of litigation in that forum as well." *Burger King v. Rudzewicz*, 471 U.S. 462, 475–76 (1985).

Here, Plaintiff alleges that Defendants Green and Zamora own Defendant IPVision

- 3 -

Incorporated, which is incorporated in Arizona, and IPVision Global Incorporated, which conducts regular business in Arizona. (Doc. 1 at 3–5.) Further, Plaintiff alleges that Defendants Green and Zamora themselves conduct business in the state. (*Id.*) Through their business dealings in Arizona, Defendants Green and Zamora gave rise to this lawsuit by hiring Plaintiff and allegedly failing to pay him minimum and overtime wages. (*Id.* at 8–12.) Plaintiff also alleges that both Defendant Green and Defendant Zamora's place of business are both in Tucson, Arizona. (Doc. 8 at 2.) The process server attempted personal service at these addresses several times and appeared to have made contact with Defendant Zamora by telephone confirming her place of business. (*Id.* at 2–3.) All Defendants were served via alternate service. (Doc. 11.) These allegations, taken together and as true, are sufficient to establish that the Court may exercise personal jurisdiction over Defendants Green and Zamora.

### B. Default Judgment

"As a general rule, default judgments are disfavored; cases should be decided upon their merits whenever reasonably possible." *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). However, courts have discretion to enter a default judgment against a party who is in default for failing to appear. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) (per curiam). The Ninth Circuit has instructed district courts to consider the following factors when deciding whether to grant default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (citation omitted). In considering these factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam) (citations omitted); *see also Fair Hous. of Marin v. Combs*, 285 F.3d

899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

### i.     Possibility of Prejudice

The first factor weighs in favor of default judgment. Plaintiff will face prejudice if the Court declines to grant default judgment because Plaintiff "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Plaintiff served all Defendants via alternative service after multiple attempts at personal service to litigate his claims for unpaid minimum and overtime wages. Defendants have chosen not to defend this lawsuit.

### ii.    Merits and Sufficiency of Complaint

The second and third factors also favor default judgment in this case. To succeed on his FLSA claim in Count One, Plaintiff must prove that (a) he was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay him an overtime wage. 29 U.S.C. § 207(a)(1). To succeed on his FLSA claim in Count Two, Plaintiff must prove that (a) he was engaged in commerce or in the production of goods for commerce, and that (b) Defendants failed to pay him the federal minimum wage. *Id.* § 206(a). To succeed on his AMWA claim in Count Three, Plaintiff must prove that Defendants did not pay him the minimum wage as required under the AMWA. Ariz. Rev. Stat. § 23-363(A). And finally, to succeed on his AWA claim in Count Four, Plaintiff must prove that Defendants did not timely pay all wages due as required under the AWA. *Id.* §§ 23–351(A), (C).

Plaintiff alleges that he was engaged in commerce when he was employed by Defendants as a manual laborer, installing cameras and cabling from approximately January 1, 2023, to January 27, 2024.[1] (Doc. 1 at 6–9; Doc. 16 at 5.) This time period

---

[1] Plaintiff alleges in his Complaint and in his Motion for Entry of Default Judgment that he worked for Defendants from January 2023 through January 27, 2024. (*See* Doc. 1 at 8; Doc. 16 at 5.) However, the dates provided in the Declaration are "August 18, 2023, through on or about January 17, 2024 (about 56 workweeks)." (Doc. 16-1 at 3.) It appears the August 18, 2023 date is a typographical error. Therefore, the Court will use the dates January 1, 2023, through January 27, 2024, because the dates are consistent with the

- 5 -

covers approximately fifty-six workweeks. Although Defendants classified Plaintiff as an independent contractor, Plaintiff makes specific allegations as to why he was in fact an employee as defined by the FLSA. (Doc. 1 at 8–9.)

In calculating his unpaid wages, Plaintiff does not have access to timekeeping records, which he intended to obtain from Defendants in discovery. (*Id.* at 9; Doc. 16 at 4–5.) However, Plaintiff estimates that he worked fifty hours per week.[2] (Doc. 16-1 at 3.) He alleges that he did not receive any compensation for the final fourteen weeks that he worked and, for the time prior to that, he alleges Defendants did not pay him an amount equal to the Arizona minimum wage. (Doc. 1 at 9.) Plaintiff also estimates that during his employment he worked between five and fifteen hours overtime each week, and he alleges he was never paid one and one-half times his regular rate for these hours. (*Id.* at 10.) Plaintiff's allegations, taken as true, are sufficient to establish claims against Defendants for minimum wage and overtime wage violations of the FLSA, AMWA, and AWA.

### iii. Sum of Money at Stake in the Action

The fourth factor weighs slightly in favor of default judgment, although the amount of damages Plaintiff seeks is considerable. Under this factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trs. v. Core Concrete Const., Inc.*, No. C 11–2532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012) (citing *Eitel*, 782 F.2d at 1472). Although Plaintiff seeks over $48,000, the Court does not find, based on the allegations, that this sum is unreasonable; rather, Plaintiff seeks statutory damages "tailored to the specific misconduct" of Defendants, against which Defendants have chosen not to defend. *Yelp Inc. v. Catron*, 70 F. Supp. 3d 1082, 1100 (N.D. Cal. 2014) (quoting *Core Concrete*, 2012 WL 380304, at *4).

---

Complaint, Motion, and Declaration calculations.
[2] In his Complaint, Plaintiff estimates that he worked between forty-five and fifty-five hours per week. (Doc. 1 at 9.) His Declaration states that he "conservatively estimate[s] that [he] worked approximately 50 hours per week." (Doc. 16-1 at 3.) The Court will base its decision on the 50 hours estimate in the Declaration.

- 6 -

### iv. Material Facts and Excusable Neglect

The fifth and sixth factors weigh in favor of default judgment. Defendants have failed to defend this lawsuit, despite being served by various means with the Complaint. No evidence suggests that Defendants failed to respond or otherwise appear in this matter due to excusable neglect.

### v. Policy Favors a Decision on the Merits

Finally, the Court finds that the weight of the first six factors in favor of default judgment outweighs the Federal Rules of Civil Procedure's preference for a decision on the merits. Importantly, it is Defendants' failure to respond to the Complaint, or otherwise appear in this matter, that forecloses the possibility of deciding this case on the merits. Default judgment is therefore appropriate in this case.

### C. Damages

Plaintiff is required to prove damages sought in the complaint, but the burden to do so for default judgment is "relatively lenient." *Elektra Ent. Grp. v. Bryant*, No. 03-6381, 2004 WL 783123, at *2 (C.D. Cal. Feb. 13, 2004). The Court may hold a hearing or "rely on declarations submitted by the parties." *Rosmarin v. Experienced Transp. Inc.*, No. CV-18-00511-TUC-LAB, 2019 WL 13198207, at *1 (D. Ariz. Feb. 14, 2019) (quoting *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1079 (C.D. Cal. 2012)). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). In its default judgment analysis, the Court "is not required to make detailed findings of fact." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

The FLSA provides a cause of action for an employee to recover from his employer any unpaid minimum wages, unpaid overtime compensation, and "an additional equal amount as liquidated damages." *See* 29 U.S.C. § 216(b). For overtime compensation, an employee who works in excess of forty hours in a workweek should receive "compensation . . . at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* § 207(a)(2)(C). The AMWA requires employers to pay their employees at least

minimum wage and provides for employees to recover from their employers any unpaid minimum wages plus "an additional amount equal to twice the underpaid wages . . . ." Ariz. Rev. Stat. § 23-364(G). The AWA requires employers to pay their employees all due wages within a specified period of time and provides for the employee to recover "an amount that is treble the amount of the unpaid wages." Ariz. Rev. Stat. § 23-355(A).

### III.   Analysis

Here, the Complaint does not assert a specific amount for damages, but it provides sufficient details regarding the relief sought and the bases for this relief including the approximate dates of employment, wage rates, hours worked, and applicable statutes. (Doc. 1.) Plaintiff also submitted a sworn Declaration to prove his damages. (Doc. 16-1.)

The Court has reviewed and carefully considered Plaintiff's Declaration and finds the calculations are supported. The Court further finds that the Declaration is sufficient proof of damages in this matter. *See Yelp Inc.*, 70 F. Supp. 3d at 1100–01 ("To recover damages after securing a default judgment, a plaintiff must prove the relief it seeks through testimony or written affidavit."). Therefore, because the unpaid minimum wages are trebled under the AMWA and AWA, and the overtime wages are doubled under the FLSA, the Court finds the following damages are supported by the evidence: $7,781.60 in overtime wages, and $41,115.00 in minimum wages, for a total of $48,896.60. (Doc. 16 at 10–11; Doc. 16-1 at 5–6.)

///
///
///
///
///
///
///
///
///

Accordingly,

**IT IS ORDERED** that Plaintiff Luis Manuel Suarez's Motion for Entry of Default Judgment is **GRANTED**. (Doc. 16.)

**IT IS FURTHER ORDERED** that Defendants IPVision Incorporated, IPVision Global Incorporated, Ben Green, and Martha Zamora shall be jointly and severally liable to Plaintiff for damages in the amount of **$48,896.60** and for post judgment interest on this amount at the current rate pursuant to 28 U.S.C. § 1961. The Clerk of Court shall enter a default judgment in favor of Plaintiff accordingly.

**IT IS FURTHER ORDERED** that Plaintiff may file a separate motion for attorney's fees in compliance with LRCiv 54.2 within fourteen (14) days of the date of this Order.

Dated this 5th day of November, 2024.

_____
Honorable Angela M. Martinez
United States District Judge