WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Manuel Suarez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>IPVision Incorporated, et al.,<br><br>　　　　　　Defendants. | No. CV-24-00118-TUC-AMM<br><br>**ORDER** |

Pending before the Court is Plaintiff Luis Manuel Suarez's Motion for Award of Attorney's Fees and Costs Against All Defendants. (Doc. 18.) Defendants IPVision Inc., IPVision Global Inc., Ben Green, and Martha Zamora ("Defendants") did not respond. For the reasons discussed below, the Court will grant the motion.

**I.　　Background**

On February 27, 2024, Plaintiff sued Defendants for allegedly failing to pay him minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, Arizona Minimum Wage Act ("AMWA"), Ariz. Rev. Stat. § 23-363, and Arizona Wage Act ("AWA"), Ariz. Rev. Stat. § 23-351. (Doc. 1 at 8–10.) On April 24, 2024, Plaintiff filed a Motion for Alternative Service after "extensive efforts at personal service on Defendants [] failed . . . ." (Doc. 8.) Plaintiff outlined the process server's efforts and the response, or lack thereof, from Defendants. (*See id.* at 1–3.) On May 21, 2024, the Court granted the motion and allowed Plaintiff to serve Defendants via U.S. Mail, Certified U.S. Mail, and email. (Doc. 10.)

On May 30, 2024, Defendants were served via U.S. Mail, Certified U.S. Mail, and email with a copy of the Complaint, summons, and the Court's May 21, 2024 Order. (Doc. 11.) Defendants did not answer or otherwise respond to the Complaint. Accordingly, Plaintiff filed an Application for Entry of Default (Doc. 12), and the Clerk of Court entered default on July 10, 2024 (Doc. 13).

On July 17, 2024, Plaintiff filed a Motion for Default Judgment. (Doc. 16.) Defendants, still having not appeared in this matter or responded to the Complaint or Motion for Default Judgment, the Court granted default judgment on November 5, 2024 in favor of Plaintiff and against Defendants, jointly and severally, for damages in the amount of $48,896.60. (Doc. 17.)

On November 11, 2024, Plaintiff filed the pending Motion for Attorney's Fees and Costs. (Doc. 18.) Plaintiff seeks $7,609.50 in attorney's fees, $703.20 in non-taxable costs, and $15,152.33 in anticipated fees and costs to be incurred in efforts to collect on the default judgment. (*Id.* at 6.)

**II.    Discussion**

The FLSA provides that a prevailing party "shall" be awarded his "reasonable" attorney's fees and "costs of the action." 29 U.S.C. § 216(b).[1] "[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In *Farrar v. Hobby*, the Supreme Court clarified that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 506 U.S. 103, 111–12 (1992). "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113. Here, Plaintiff is the

---

[1] Plaintiff also cites A.R.S. § 23-364(G) as support for reasonable attorney's fees and costs, but the Court finds the FLSA a sufficient basis for awarding fees. *See Finton v. Cleveland Indians Baseball Co.*, No. CV-19-02319-PHX-MTL, 2022 WL 2665927, at *2 n.2 (D. Ariz. July 11, 2022).

prevailing party because the Court issued a default judgment awarding $48,896.60 in damages to Plaintiff. (Doc. 17.)

If a plaintiff is the prevailing party, the Court must use the "lodestar approach" to assess whether the requested fees are reasonable. *Finton*, 2022 WL 2665927, at *2 (citing *Coe v. Hirsch*, No. CV-21-00478-PHX-SMM (MTM), 2022 WL 5008841, at *1 (D. Ariz. Jan. 21, 2022); *Pelayo v. Platinum Limousine Servs., Inc.*, 804 F. App'x 522, 524 (9th Cir. 2020)). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433; *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010). The lodestar amount is presumptively reasonable and may be altered only in "rare circumstances." *Perdue*, 559 U.S. at 554. The Court may adjust the lodestar based on the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also* LRCiv. 54.2(c)(3).

"Reasonable hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *Vargas v. Howell*, 949 F.3d 1188, 1194 (9th Cir. 2020) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he relevant community is the forum in which the district court sits." *Finton*, 2022 WL 2665927, at *3 (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)). The District of Arizona has held that $445 is a reasonable hourly rate in similar cases with this particular attorney. *Romero v. Steel Roots LLC*, No. CV-23-01033-PHX-ROS, 2024 WL 2839353, at *2 (D.

Ariz. May 23, 2024).

Plaintiff's counsel seeks $7,609.50 in attorney's fees based on 17.1 hours billed at an hourly rate of $445. (Doc. 18 at 6; Doc. 18-5 at 5.) Plaintiff's counsel's hourly rate is reasonable and comparable to the hourly rate in similar cases in the District of Arizona. Despite the fact that litigation did not advance far, the hours expended are reasonable given the repeated efforts to locate Defendants and obtain default judgment. As such, the lodestar figure in this case is $7,609.50.

Next, the Court must "determine[] whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). Here, there are no "rare circumstances" that must be considered beyond those contemplated in the lodestar figure. *Perdue*, 559 U.S. at 554. The Court will, therefore, award attorney's fees of $7,609.50. The Court also finds that Plaintiff's requested non-taxable costs in the amount of $703.20 are reasonable and covered under 29 U.S.C. § 216(b) as actual costs of the litigation because they account for the complaint filing fee, attempted service costs, and alternative service costs. (Doc. 18-5 at 8.)

Finally, Plaintiff seeks an additional $15,152.33 for the anticipated cost of collecting on the default judgment. (Doc. 18 at 14.) Plaintiff's counsel avers that his firm employs Parker Law to carry out collection efforts. (*Id.* at 15.) Parker Law charges a $850 retainer fee and a 25% contingency fee on all amounts recovered. (*Id.*) Because the default judgment amount in this matter was $48,896.60 and the attorney's fees and costs are $8,312.70, Plaintiff's counsel anticipates needing to pay Parker Law $15,152.33. (*Id.*) Although Plaintiff has explained what collection efforts will be undertaken (i.e., that he will employ Parker Law to collect on the judgment) these are still *anticipated* costs, not actual costs of the litigation. The anticipated collection costs are too speculative to be awarded as reasonable costs at this time. *Mumphrey v. Good Neighbor Cmty. Servs. LLC*, No. CV-23-00923-PHX-ROS, 2023 WL 8702103, at *5 (D. Ariz. Dec. 15, 2023) ("[A]ny award of collection costs before they are incurred is necessarily speculative.") (collecting cases).

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees and Costs Against All Defendants is **GRANTED IN PART and DENIED IN PART**. (Doc. 18.)

**IT IS FURTHER ORDERED** that Defendants, IPVision Inc., IPVision Global Inc., Ben Green, and Martha Zamora are jointly and severally liable to Plaintiff's counsel, Bendau & Bendau PLLC, for **$8,312.70**, plus interest accruing at the statutory rate on that amount from the date of this Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall docket accordingly, term any pending motions, and close the file in this case.

Dated this 21st day of August, 2025.

_____
Honorable Angela M. Martinez
United States District Judge